STATE OF MISSOURI, Respondent, v. BRUS
KELLEY, Appellant.

**Kansas City Court of Appeals, February 1, 1915.**

1. **CRIMINAL LAW: Violation of Local Option Law: Evidence:
   Instruction on Flight.** In a prosecution for a criminal offense,
   if there is no evidence tending to show flight, an instruction
   on that subject should not be given. But in this case the
   evidence is examined and held sufficient to justify such in-
   struction.

2. ———: ———: ———. If there was evidence that defendant
   fled from the community, and also other evidence tending to
   show that he left under circumstances showing that his de-
   parture was not to avoid arrest or from a consciousness of
   guilt, then the instruction of flight should direct the jury to
   consider such other evidence in determining how far it tends
   to rebut the charge of flight and the inference to be drawn
   therefrom. But *held* in this case that there was no such other
   evidence requiring the court to include such further direction.

Appeal from Boone Circuit Court.—*Hon. D. H. Harris,*
Judge.

AFFIRMED.

*Gillespie & Conley* for appellant.

(1) The mere fact that defendant was arrested in
another State was not sufficient of itself to be the basis
of an instruction on flight. State v. Evans, 138 Mo.
116; State v. Hopper, 142 Mo. 478. (2) There must be
sufficient to justify an inference of consciousness of
guilt from the conduct of the accused before an instruc-
tion on flight is proper. State v. Kyles, 247 Mo. 650;
State v. Hopper, 142 Mo. 482; State v. Fairlamb, 121
Mo. 137, 147; State v. Schmulbach, 243 Mo. 538-539;
State v. Harris, 232 Mo. 321; State v. King, 78 Mo. 555;
State v. Mallon, 75 Mo. 355. (3) The instruction as

given is erroneous and misleading for the reason that it ignores defendant's explanation of why he left Columbia. It should have guided the attention of the jury to the defendant's side of the proposition. State v. Harris, 232 Mo. 321; State v. King, 78 Mo. 555, 557; State v. Mallon, 75 Mo. 535; State v. Fairlamb, 121 Mo. 147.

*E. C. Anderson* for respondent.

(1) There was no error on the part of the trial court in giving the instruction on flight as there was sufficient evidence on which to base such instruction and the instruction given in this case is such as heretofore has been approved by the higher courts of this State. State v. Walker, 98 Mo. 95, 108; State v. Smith, 114 Mo. 406, 416. (2) It is only in cases where the testimony discloses circumstances explaining or excusing flight, which consists with the innocence of the defendant of the crime charged; the jury should be directed to consider the same in connection with the presumption arising from flight, and determine how far they tend to rebut such presumption. State v. King, 78 Mo. 555; State v. Waller, 75 Mo. 355; State v. Walker, 98 Mo. 95, 108.

TRIMBLE, J.—Defendant was indicted by the grand jury of Boone county for selling a pint of whiskey to one John Miller in violation of the Local Option Law. He was tried before a jury in the circuit court and fined $300. The sole complaint alleged in this appeal is that the court erred in giving an instruction on flight. Defendant's contention is twofold: First, that there was no evidence in the case to justify the giving of any instruction on flight at all. Second, that the instruction is erroneous and misleading in form because it ignores defendant's explanation of why he left the scene of his alleged crime.

The instruction was more mild in form than those instructions which tell the jury that flight is a presumption of guilt. This one did not contain that statement but merely said that flight was a circumstance to be considered along with all other facts and circumstances. The instruction is as follows:

"Flight of the defendant is a circumstance to be taken into consideration with all the other facts and circumstances in evidence, and if the jury believe and find from the evidence that defendant, after the commission of the offense alleged in the information, fled from his usual place of abode, for the purpose of avoiding arrest and trial for said offense, they may take this fact into consideration in determining his guilt or innocence." This is an approved instruction on the subject. [State v. Smith, 114 Mo. 406, l. c. 416.] But, of course, if there was no evidence tending to show flight it should not have been given. Or, if there was evidence that the defendant fled from the community and also other evidence tending to show that he left under circumstances showing that his departure was for other reasons and not from a consciousness of guilt, then perhaps the instruction should have further directed the jury to consider such other evidence in determining how far it tends to rebut the charge of flight and the inference to be drawn therefrom.

As to whether or not there was evidence tending to show flight sufficient to justify an instruction thereon, we think there was. The evidence for the State was to the effect that Miller saw the defendant in front of the barber shop and that the defendant told Miller to go around to the back door and he, defendant, would go through the shop and meet him at the door; that they met there and the defendant sold Miller a pint bottle of whiskey for seventy-five cents; that defendant had sold Miller whiskey before, so that each knew what was meant when Miller was told to appear at the back door of the shop. Shortly thereafter Miller was

arrested on some charge or other and thrown into jail and a grand jury was called to convene on Monday, June 16th, it being the first day of the June term of court. The defendant, on the Saturday night before the convening of the grand jury, left town and went to Chicago where he remained for five or six months and then returned to Columbia. In the meantime the grand jury had indicted defendant upon Miller's testimony and a capias had been in the sheriff's hands for defendant's arrest ever since the first part of July, but defendant could not be found, and was not arrested until his return in November. It was the State's theory that defendant, knowing he had often sold whiskey to Miller, and that the grand jury was about to convene, before whom Miller might be called at any moment, concluded it was safer for him to leave town before the grand jury met. Defendant resided with his mother in Columbia. His brothers and sisters also resided there. He had no relatives in Chicago. He went there with no promise of a job or of one in sight. In testifying he gave no reason why he suddenly left home, relatives, friends, and business, and departed in the nighttime to a distant city with no assurance of employment ahead of him. On cross-examination, when asked as to his business, he said he was an "entertainer,"—a singer and player at social functions, and intended to do that in Chicago, but did not say whether he did or not. So that, defendant gave no explanation of his sudden departure from home, nor was it made under circumstances which of themselves would tend to account for it and relieve that departure of its unfavorable inferences. The jury were not told that the defendant fled, but merely that if they found that he fled for the purpose of avoiding arrest and trial for the offense, they could take such fact into consideration. In other instructions, both for the State and defendant, the jury were told that the defendant was presumed to be innocent and that unless the guilt of the defendant

was established beyond a reasonable doubt, the jury should acquit. Under all the circumstances we think there was sufficient evidence upon which to give the above instruction on flight and that there was no qualifying or explanatory evidence requiring the instruction to call the jury's attention to it and to take it into consideration in determining whether or not he fled from a sense of guilt. Where there is no evidence tending to explain the flight, there is no need for such additional instruction. [State v. Walker, 98 Mo. 95, l. c. 109.]

The judgment is affirmed. All concur.